UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

**Chapter 13 Plan** (Recommended Form)

In RE:   Case Number _____

**James Russell Mullins**

☒ Original Plan
☐ Amended Plan

CREDITORS: YOU SHOULD READ THIS PLAN CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. CONFIRMATION OF THIS PLAN BY THE BANKRUPTCY COURT MAY MODIFY YOUR RIGHTS IN SEVERAL WAYS INCLUDING PROVIDING FOR PAYMENT OF LESS THAN THE FULL AMOUNT OF YOUR CLAIM, SETTING THE VALUE OF THE COLLATERAL SECURING YOUR CLAIM, AND/OR SETTING THE INTEREST RATE ON YOUR CLAIM.

1. **Plan Payments:** There shall be paid to the Chapter 13 Trustee the amount of **$1,000** each month by debtor(s), or any entity from whom debtor(s) receive income, in such installments as agreed upon with the Trustee, for payment of all existing debts of debtor(s) pursuant to this Plan, except as the Court may otherwise order. Payments from debtor(s) shall begin within 30 days of filing the petition or conversion order. Debtor(s) submit all future income to the supervision and control of the Trustee during this case and agree to pay sufficient funds to the Trustee on or before five years from commencement of this case to fully complete this Plan.

2. **Pre-confirmation Adequate Protection Payments.** If direct payments to creditors pursuant of §1326(a) are made, debtor will immediately provide trustee evidence of the payments including the creditor name and address and the amount and date of each payments. Trustee is under no obligation to adjust filed and allowed claims unless there is a court order or specific written direction from the claimant.

3. **Administrative Claims.** Trustee will pay allowed administrative claims and expenses in full pursuant to § 1326(b) as set forth below unless the holder of such claim has agreed to a different treatment of its claim:
   (A) **Trustees Fees** The Chapter 13 Trustee shall receive a fee at the time of each disbursement, the percentage of which is set by the United States Trustee.
   (B) **Debtor's Attorney Fees:** Debtor's attorney shall be paid after creditors listed in paragraph 7 except as checked below:

   ☐ Attorney's fees to be paid in full prior to other claims. (Do not check this option if lease payments/adequate protection payments are necessary.

   ☐ Attorneys fees to be paid at the rate of be _____ (If no amount is filled in, attorney will paid after creditors listed in paragraph 7).

4. **Specified Leases, Personal Property (Trustee to pay).** Debtor(s) elect to assume the existing lease of personal property with the below named creditors:

   (A) **REGULAR LEASE PAYMENTS:** After payments provided in prior paragraphs, trustee shall make distribution to named lease creditors in the installment specified from funds available for distribution monthly until claim is paid in the amount allowed. Any option to purchase or any payments under a carry-over provision shall be paid by debtor(s) directly.

   (B) **ARREARS LEASE PAYMENTS:** After the regular monthly lease payment above, trustee shall pay any lease arrears to named lease creditor in the installment specified from funds available monthly until claim is paid in the amount allowed.

| Name of Creditor | Regular Mo Payment Installment | Estimated Arrears | Arrears Installment |
|---|---|---|---|
|  |  |  |  |

5.  **Specified Secured Claims, Personal Property.**  After payments provided for by prior paragraphs, Trustee shall make payment to creditors (their agents and assigns) named in this paragraph whose claims are allowed secured solely by personal property.  Each named creditor shall be paid in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed secured plus interest at seven percent (7%) per annum unless a different percentage is specified below.  The balance of the claim shall be treated as unsecured.  Upon confirmation, creditor will be deemed to accept the classification, valuation and interest rate set forth and payment pursuant to this provision will be binding, even if creditor is not subject to 506 valuation, unless creditor timely objects and the court orders otherwise.

| Name of Creditor | Allowed Secured Value | Installment | Optional Interest |
|---|---|---|---|
|  |  |  |  |

6.  **Specified Secured Claims, personal Property (§506 valuation not applicable)  (Purchase money security interest in vehicles purchased for personal use within 910 days of filing the petition or other secured debt within one year of filing the petition).**  Creditors named in this paragraph shall be paid in the same priority as creditors listed in paragraph 5 above but in full for allowed claims secured solely by personal property for which §506 valuation is not applicable.  Each named creditor shall be paid in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed plus interest at seven percent (7) per annum unless a different percentage is specified below.  Upon Confirmation, the interest rate set forth will be binding unless creditor timely objects and the court orders otherwise.

| Name of Creditor | Estimated Claim | Installment | Optional Interest |
|---|---|---|---|
| Loan Mart | $2,500.00 | $500 |  |

7.  **Domestic Support Obligations.**  After payments provided for in prior paragraphs, allowed claims for a domestic support obligation as defined by 507(a)(1), shall be paid as to amounts due and payable at the commencement of the case in full 100% to those creditors named below in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed without interest unless an optional interest percentage is specified below.  Holders of claims for domestic support obligations, other than creditors specifically named will be paid as indicated in paragraph 3 of this plan.  Post-petition support shall be paid by the debtor directly to support creditors as such payments become due and payable.

| Name of Creditor | Estimated Arrears | Installment | Optional Interest |
|---|---|---|---|
|  |  |  |  |

**Assigned Domestic Support Obligations not to be paid in full.**  If debtor'S projected disposable income for a 5 year period will be applied to make payments under the plan, debtor may provide for less than full payment to assigned Domestic Support Obligations (DSOs) defined in section 507(a)(8).  Although the unpaid DSOs remain non-dischargeable, after creditors provided for in paragraphs, debtor proposes to pay the below named assigned DSO creditors on their filed and allowed claims in installments from funds available for distribution monthly, non-cumulative, as indicated until the equivalent of 60 months of projected disposable income has been paid into the plan for distribution to creditors.  If there are any remaining funds after payment to other creditors pursuant to the plan, those funds may be paid to any creditor in this paragraph whose claim is not paid in full.

| Name of Creditor | Allowed Secured Value | Installment |
|---|---|---|
|  |  |  |

8.   **Secured Co-debtor claims.**  After payments provided for by prior paragraphs, creditors (their agents & assigns) named in this paragraph who have allowed claims secured by personal property with a co-debtor liable thereon, shall be paid by the trustee 100% of the claim as allowed plus interest at the contract rate (if clearly specified in the claim) in installments as indicated.  Installments to be paid from funds available for distribution monthly non-cumulative.  If no contract rate of interest is clearly specified in the claim, pay the interest rate specified below or if none specified, pay 12% A.P.R. interest.

| Name of Creditor | Installment | Optional Interest |
|---|---|---|
| | | |

9.   **Real Estate or Mobile Homes (Trustee to pay arrears only).**  Notwithstanding any other provisions of this plan, debtor(s) during the pendency of this case shall make, and following completion of this case shall continue to make, the usual and regular payments (including any balloon payments) called for by any security agreements supporting non-voidable liens against debtors real estate or mobile home, directly to below named lienholders in a current manner. However, arrearages to named lienholders (their agents or assigns) shall be paid in installments by trustee from funds available for distribution monthly, non-cumulative, and, except for creditors in Paragraph 2 through 6 of this Plan, shall be paid in advance of periodic distribution to other creditors.  Each named creditor shall be paid in installments indicated until arrears claim is paid in amount allowed plus interest at seven percent (7%) per annum, unless a different percentage is specified below.

Provisions of this Paragraph shall operate to cure any default of any real estate or mobile home security agreement notwithstanding that by the terms thereof or by the laws or processes of a governmental unit the time for redemption or reinstatement has expired.  If there exist creditors not dealt with by this plan holding statutory or other liens against debtors real estate or mobile home and the obligation is fully due for reasons for other than the exercise of power of acceleration for failure to make installment payments, unless the Court orders otherwise, debtor(s) will pay said claim directly to said creditor in full on or before six months time following the date of confirmation of this Plan.  Secured tax claims shall be paid as though secured only by personal property even if also secured by real property.

| Name of Creditor | Estimated Arrears | Installment | Optional Interest |
|---|---|---|---|
| | | $0.00 | |

10.   **Real Estate or Mobile Home (Trustee to pay entire claim).**  Notwithstanding any other provisions of this plan, the below named lienholders (their agents and assigns) who have security agreements supporting non-voidable liens against debtor's real estate or mobile home or are cross collateralized shall be paid in installments by Trustee from funds available for distribution monthly, non-cumulative, and except for creditors in prior paragraphs of this plan shall be paid in advance of periodic distribution to other creditors.  Each named creditor shall be paid in installments as indicated until the secured claim is paid 100% plus interest at seven percent (7%) per annum, unless a different percentage is specified below.

| Name of Creditor | Estimated Claim | Installment | Optional Interest |
|---|---|---|---|
| | | | |

11.   **Other secured personal property creditors and lease creditors.**  After payments provided for in prior paragraphs, Trustee shall pay holders of other claims allowed secured solely by personal property.  Any creditor holding a lease on personal property in debtor's possession with a filed and allowed claim, unless specifically dealt with in this plan, shall be treated as a secured creditor herein.  all claims under this paragraph shall be paid pro-rata with other such creditors to the amount allowed plus interest at seven percent (7%) per annum unless a different percentage is specified below and in advance of distribution to general unsecured creditors:        (Optional) % Interest _____

12.   **Unsecured co-debtor claims.**  After payment provided for by prior paragraphs, creditors (their agents and assigns) named in this paragraph who have allowed unsecured claims with a co-debtor liable thereon, shall be paid by the trustee 100% of the claim as allowed plus interest at the contract rate (if clearly specified in the claim) in installments as indicated.  Installments are to be paid from funds available for distribution monthly non-cumulative. If no contract rate of interest is clearly specified in the claim, pay the interest rate specified below or in none specified pay 12% A.P.R. interest.

| Name of Creditor | Installment | Optional Interest |
|---|---|---|
| | | |

3.  **Non-priority Unsecured Claims.** After dividends to all other creditors pursuant to the plan, Trustee may pay dividends pro-rata on the claims allowed unsecured. Unsecured non-priority creditors will receive:

**25** % or their pro rata share of _____ whichever is greater  (The dollar amount is the greater of (1) the non-exempt assets or (2) the applicable commitment period of 36 or 60 months multiplied by debtor's projected disposable income). If both the percentage and the dollar amount are left blank, trustee is to pay 100% to unsecured creditors. If the percentage is left blank, trustee will pay the dollar amount to unsecured creditors. If the percentage is filled in at less than 100% and the dollar amount is left blank, Trustee is authorized to increase the percentage if necessary to comply with the required applicable commitment calculation.

14.  **Special Unsecured Claims.** Notwithstanding any other provision of the plan, creditor named in this paragraph shall be paid as an unsecured claim but in full 100% of the claim amount allowed. (Debtors represent compliance with section 1322(b)(1).

| Name of Creditor | Optional Interest Rate |
|---|---|
|  |  |

15.  **Exclusion of creditor.** Notwithstanding any other provision of the plan, debtor(s) elect to assume the existing lease or contract with creditors in this paragraph. These named creditors shall not be dealt with or provided for by this plan. All pre-petition and post-petition payments due to listed creditors, including defaults, shall be disallowed as claims for payment herein, unless agreed upon by the Trustee with notice and an opportunity to object by Debtor.

| Name of Creditor | Collateral |
|---|---|
|  |  |

16.  **Rejection of Claim, Return of Collateral.** Debtors) election not to assume the lease or contract with creditors (Their agents and assigns) named in this paragraph and shall surrender to such creditor the collateral subject to creditor's lien or lease in full satisfaction of any secured claim arising from the transaction creating creditor's interest in said property.

| Name of Creditor | Collateral |
|---|---|
|  |  |

17  **Post-Petition Claims.** Claims allowed for post-petition debts incurred by debtor(s) may be paid in full 100% of the claim in such order and on such terms as the Trustee, in his sole discretion, may determine. Trustee or any adversely affected party in interest may file to dismiss case if debtor(s) incur post-petition debts without the written consent of Trustee and Debtor(s) fail to make sufficient payments to keep such obligations current.

18.  **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed case may be distributed to creditors pursuant to these Plan provisions. Pursuant to section 1322(b)(3), Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in debtor's payment to Trustee under this Plan. Any tax refunds or other funds sent to the debtor(s) in care of the Trustee during this case may be deposited to debtor(s) account and disbursed to creditors pursuant to the plan.

☐   Box checked if additional plan provisions attached and incorporated herein.

Special Note: This plan is intended as an exact copy of the Chapter 13(recommended form) plan last revised 9/05, except as to any added paragraphs after paragraph 18 above. The trustee shall be held harmless from any changes in this plan from the recommended plan dated 9/05.

Plan Dated: **JUne 26, 2014** _____      /s/ James Russell Mullins _____
           (DATE IS MANDATORY)                 **James Russell Mullins**, Debtor.